UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GWENNETH LOUISE MCCALLISTER,<br><br>                Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security, [1]<br><br>              Defendant. | Case No. 3:12-cv-05886-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 27, 2013 |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On June 22, 2009, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging she became disabled beginning July 1, 2008, due to

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

neuromuscular problems, tremors, diabetes, and chronic headaches. See ECF #9, Administrative Record ("AR") 14, 168.  Both applications were denied upon initial administrative review on September 29, 2009, and on reconsideration on December 23, 2009. See AR 14.  A hearing was held before an administrative law judge ("ALJ") on April 11, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 32-62.

In a decision dated April 25, 2011, the ALJ determined plaintiff to be not disabled. See AR 14-26.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 14, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 2; see also 20 C.F.R. § 404.981, § 416.1481.  On October 16, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on December 18, 2012. See ECF #9.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the opinions of Shane D. Dunaway, M.D., and George Veech, M.D.; and (2) in discounting plaintiff's credibility.  For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion of Dr. Dunaway, and therefore in determining plaintiff to be not disabled.  Also for the reasons set forth below, though, while defendant's decision should be reversed on the basis of that error, this matter should be remanded to the Commissioner for further administrative proceedings.

### DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

REPORT AND RECOMMENDATION - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him

REPORT AND RECOMMENDATION - 4

or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In regard to the medical opinion evidence from Dr. Dunaway, the ALJ found:

> In March 31, 2011, Dr. Dunaway evaluated the claimant for the Washington State Department of Social & Health Services.  He reported modest improvement in the claimant's pain as manifested by her moving off high dose narcotics and noted her complaints are mostly subjective (Ex. 15F/3).  Dr. Dunaway rated the severity of the claimant's chronic pain syndrome, poor concentration, neuropathy and migraine headaches as moderate, and he assessed her overall work level as sedentary (Ex. 15F/4).  Dr. Dunaway's opinion is given significant weight.  Dr. Dunaway is the claimant's treating physician at Sea Mar Health Clinic and thus is likely best acquainted with the functional limitations arising from the claimant's various impairments.  Though Dr. Dunaway does not limit the claimant's handling or reaching, the undersigned adds such limitations to address the claimant's subjective complaints of tremors.  In addition, the undersigned limits the claimant to simple routine work to account for any medication side effects coupled with mild depression.

REPORT AND RECOMMENDATION - 5

AR 20-21. Plaintiff argues the ALJ did not fully take into account the sitting limitations assessed by Dr. Dunaway. The undersigned agrees

As plaintiff points out, the state agency physical evaluation form Dr. Dunaway completed defines the term "sedentary work" in part as work that "may require sitting, walking and standing for brief periods" (AR 395), while the Commissioner's regulations provide in terms of sedentary work that "[s]itting would generally total about 6 hours" (Social Security Ruling ("SSR") 96-9p, 1996 WL 374185 *3). Defendant is correct that use of the word "may" in the state agency form indicates it is permissive in nature. That is, although sedentary work *may* require sitting for only brief periods, such is not *necessarily* the case. By the same token, however, clearly the definition of sedentary work employed on the form Dr. Dunaway completed contemplates the possibility of such a sitting limitation. It is unclear though whether Dr. Dunaway felt plaintiff could only sit for brief periods or if he instead felt she could sit for up to six hours at a time or if he felt she fell somewhere in between.[3] See AR 395.

The ALJ should have addressed this ambiguity in Dr. Dunaway's opinion, as well as the potential conflict with the Commissioner's own definition of sedentary work, before finding Dr. Dunaway believed plaintiff was qualified to do the latter. The ALJ's failure to do so constitutes error on her part. Defendant argues such error is harmless because the vocational expert testified at the hearing that the jobs she identified "would accommodate [a] sit/stand option."[4] See AR 59. But as noted by plaintiff the vocational expert did not testify as to the frequency of the shift between sitting and standing accommodated by those jobs, and thus it is not at all clear that such

---

[3] For the same reason, the undersigned rejects plaintiff's assertion that Dr. Dunaway necessarily found she could *not* sit for a total of six hours, but instead could only sit for brief periods.

[4] An error is harmless only if it is "inconsequential" to the ALJ's "ultimate nondisability determination." Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

REPORT AND RECOMMENDATION - 6

an option would adequately encompass the potential need to sit for brief periods only.  Given that it is the Commissioner's burden to establish that plaintiff can perform other work, it is not reasonable to assume the sit/stand option the vocational expert testified too necessarily shows plaintiff could perform all of those jobs. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).  Because issues still remain in regard to the medical opinion evidence in the record concerning plaintiff's ability to sit – and therefore in regard to her residual functional capacity and ability to

REPORT AND RECOMMENDATION - 7

perform other jobs existing in significant numbers in the national economy[5] – remand for further consideration of these issues is appropriate.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **September 27, 2013**, as noted in the caption.

DATED this 6th day of September, 2013.

Karen L. Strombom
United States Magistrate Judge

---

[5] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.; see alsoTackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (if claimant cannot perform past relevant work, at step five of sequential disability evaluation process ALJ must show there are significant docant number of jobs in national economy he or she is able to do).

REPORT AND RECOMMENDATION - 8