# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

GWENNETH LOUISE MCCALLISTER,

    Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C12-5886 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

This matter comes before the Court on Plaintiff Gwenneth Louise McCallister's ("McCallister") motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL & FACTUAL BACKGROUND

On October 16, 2012, McCallister filed a request for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her disability benefits. Dkt. 3. On September 6, 2013, Magistrate Judge Karen L. Strombom issued a Report and Recommendations ("R&R"), reversing the ALJ's decision to deny benefits and remanding the matter for further administrative proceedings. Dkt. 18. Judge Strombom found that the ALJ erred in evaluating the opinions of Shane D. Dunaway,

M.D., McCallister's treating physician, which affected the ALJ's assessment of McCallister's residual functional capacity (RFC) and thus her finding of no disability. Dkt. 18 at 6. Specifically, Judge Strombom found:

> As plaintiff points out, the state agency physical evaluation form Dr. Dunaway completed defines the term "sedentary work" in part as work that "may require sitting, walking and standing for brief periods" (AR 395), while the Commissioner's regulations provide in terms of sedentary work that "[s]itting would generally total about 6 hours" (Social Security Ruling ("SSR") 96-9p, 1996 WL 374185 *3). Defendant is correct that use of the word "may" in the state agency form indicates it is permissive in nature. That is, although sedentary work may require sitting for only brief periods, such is not necessarily the case. By the same token, however, clearly the definition of sedentary work employed on the form Dr. Dunaway completed contemplates the possibility of such a sitting limitation. It is unclear though whether Dr. Dunaway felt plaintiff could only sit for brief periods or if he instead felt she could sit for up to six hours at a time or if he felt she fell somewhere in between.[footnote omitted] *See* AR 395.
>
> The ALJ should have addressed this ambiguity in Dr. Dunaway's opinion, as well as the potential conflict with the Commissioner's own definition of sedentary work, before finding Dr. Dunaway believed plaintiff was qualified to do the latter. The ALJ's failure to do so constitutes error on her part. Defendant argues such error is harmless because the vocational expert testified at the hearing that the jobs she identified "would accommodate [a] sit/stand option." [footnote omitted] *See* AR 59. But as noted by plaintiff the vocational expert did not testify as to the frequency of the shift between sitting and standing accommodated by those jobs, and thus it is not at all clear that such an option would adequately encompass the potential need to sit for brief periods only. Given that it is the Commissioner's burden to establish that plaintiff can perform other work, it is not reasonable to assume the sit/stand option the vocational expert testified too necessarily shows plaintiff could perform all of those jobs. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir.1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).

Dkt. 18 at 6-7. Judge Strombom concluded that because issues remained with regard to "the medical opinion evidence in the record concerning the plaintiff's ability to sit – and

therefore in regard to her residual functional capacity and ability to perform other … jobs … remand is appropriate." *Id.* at 7-8.

No objections to the R&R were filed. On October 10, 2013, the Court adopted Judge Strombom's R&R. Dkt. 19. On October 11, 2013, judgment was entered consistent with the Court's ruling. Dkt. 20.

On October 30, 2013, McCallister filed the instant motion for EAJA fees. Dkt. 21. On November 21, 2013, the Commissioner responded in opposition. Dkt. 23. On November 15, 2013, McCallister filed a reply. Dkt. 24.

## II. DISCUSSION

### A. Standard of Review

EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, to be eligible for attorney's fees under EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney's fees unjust. *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that McCallister was the prevailing party in this action, nor does she contend

that special circumstances exist, making an award of attorney's fees unjust. The Commissioner does, however, argue that her position was substantially justified.

**B.      Substantially Justified**

To be "substantially justified" under EAJA, the government's position "must have a reasonable basis in law and fact" at each stage of the proceedings. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). The government's position need not be "justified to a high degree," but the government must be "justified in substance or in the main," or "to a degree that could satisfy a reasonable person." *Id.* (citations omitted). Ultimately, the government carries the burden of proving that its litigation position was substantially justified. *See, e.g.*, *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). To avoid an EAJA award, the government must show that it was substantially justified "with respect to the issue on which the district court based its remand[.]" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).

**C.      Analysis**

The Commissioner maintains she was substantially justified in her position. Dkt. 23. The Commissioner argues that a reasonable person could think that the ALJ properly accommodated Dr. Dunaway's opinion that Plaintiff could perform in a job that "may require sitting, walking and standing for brief periods." Dkt. 23 at 4. The Commissioner bases her argument on the fact that "[i]t is not clear from the comma placement whether walking and standing were for brief periods, or whether sitting, walking, and standing— all three—were only for brief periods." *Id.* According to the Commissioner:

> A reasonable person could interpret the form the first way and think that walking and standing were for brief periods. This interpretation of the form is not at odds with the Commissioner's definition of sedentary, thus, a reasonable person could think the ALJ accommodated Dr. Dunaway's opinion.

*Id*. The Commissioner maintains that the ALJ's interpretation was also reasonable because it comports with DSHS's own definition of sedentary, which included regulations making it clear that DSHS defines sedentary work to include "[w]alking or standing only for brief periods" in a workday. *Id*. (*citing* Wash. Admin. Code (WAC) § 388- 499-0030 (2012)). The regulations place no limitation on the amount of time spent sitting in a sedentary occupation. *Id*. While the Commissioner acknowledges that it is unlikely Dr. Dunaway was familiar with the WAC, she contends that the WAC provides support for the proposition that the ALJ's interpretation of Dr. Dunaway's assessment was reasonable. *Id*.

McCallister maintains that the Commissioner's position was not substantially justified. Dkt. 24. She argues that the Commissioner's position was not reasonable essentially because (1) the ALJ relied on the SSA's definition of sedentary in determining McCallister's residual functional capacity, where Dr. Dunaway, to whose opinion the ALJ gave great weight, provided an opinion based on DSHS's definition of sedentary; (2) the ALJ did not resolve conflicts between the definitions; and (3) as the Court found, the vocational expert's RFC assessment, which assumed a "sedentary RFC" using SSA standards (Dkt. 18 at 7), was not reasonable. *Id*. at 2-4 (*citing Gillman v. Astrue*, 829 F. Supp. 2d 999 (2011) (upon motion for EAJA fees after remand, court found DSHS and SSA definitions of "sedentary" "markedly dissimilar," the ALJ's decision not to address

the dissimilarity in definitions was error and vocational expert's testimony regarding ALJ's hypothetical, which was assumed a "sedentary RFC" under SSA standards, did not track the examining doctor's opinion of plaintiff's RFC because it was based on DSHS's definition of sedentary).

As Judge Strombom found in her R&R, which the Court adopted, the ALJ erred in her evaluation of Dr. Dunaway's opinion, where the ALJ failed to address the ambiguity and "potential conflict" between the DSHS and SSA definitions of sedentary. *See* Dkts. 18 and 19. Additionally, given the ALJ's error in failing to account for the marked dissimilarity in the DSHS and SSA definitions of sedentary, and the ALJ's error in relying on the vocational expert's testimony about the type of jobs McCallister could perform based on the SSA's definition of sedentary when the doctor's assessment was based on DSHS's definition, as well as the ALJ's resulting misassessment of the residual functional capacity assessment and disability, the Commissioner's position was not reasonable. Therefore, her position was not substantially justified.

### III. ORDER

Therefore, it is hereby **ORDERED** that McCallister's motion for attorney fees pursuant to EAJA (Dkt. 21) is **GRANTED**.

Dated this 30th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge